

# Case Information

| Uniform Case Number: 292018SC012561A001HC |
| :---: |
| CARABALLO, HOWARD vs OCWEN LOAN SERVICING, LLC, |

🔒 Icon Keys    📓 Summary    👥 Parties    💻 Events\Documents    📅 Hearings

💲 Financial

Filter Events Dates:

| From |
| :---: |
| |

| To |
| :---: |
| |

Filter 🔽

Show 25 ⌄ entries                                        Search: [              ]

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
| :---: | :---: | :---: | :---: | :---: | :---: |
| | 12 | 03/30/2018 | DO NOT ENTER ADDITIONAL DOCUMENTS | CASE TRANSFERRED TO CIRCUIT COURT (CASE #18-CA-2853) | |
| ⬇ | 11 | 03/29/2018 | ORDER GRANTING | PLAINTIFF'S MOTION TO TRANSFER (TO CIRCUIT COURT - CASE #18-2853) 3/29/18 JAO | 📄 |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|---|---|---|---|---|---|
|  | 7 | 03/23/2018 | NOTICE OF APPEARANCE | AND DESIGNATION OF E-MAIL ADDRESSES - G. TYLER BANNON, ESQ. |  |
| | 8 | 03/23/2018 | AMENDED COMPLAINT | NO COS |  |
| | 9 | 03/23/2018 | EXHIBIT | "A" - ASSIGNMENT OF MORTGAGE |  |
|  | 10 | 03/23/2018 | MOTION TO - FOR | TRANSFER CASE TO CIRCUIT COURT |  |
|  | 6 | 03/12/2018 | E-FILED PRE TRIAL SUMMONS ISSUED AND SET | |  |
| | 1 | 03/05/2018 | File Home Location - Electronic | | |
| | 2 | 03/05/2018 | CIVIL COVER SHEET | |  |
| | 3 | 03/05/2018 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) | TAMPA |  |
| | 4 | 03/05/2018 | STATEMENT OF CLAIM | |  |
| | 5 | 03/05/2018 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | |  |

Showing 1 to 12 of 12 entries (filtered from 0 total entries)          Previous  | 1 |  Next

Return to Search Results (/html/case/searchResults.html)

© 2018 - Hillsborough County Clerk of the Circuit Court

Filing # 68803113 E-Filed 03/05/2018 03:28:51 PM

## IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

**HOWARD CARABALLO,**

     **Plaintiff,**

v.                                    **Case No.:**

**OCWEN LOAN SERVICING, LLC,**

     **Defendant.**

_____/

### COMPLAINT

Plaintiff, HOWARD CARABALLO ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations and claims against Ocwen Loan Servicing LLC ("Ocwen" or "Defendant"), upon personal knowledge, investigation of her counsel, and on information and belief.

1. This action seeks redress for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") as well as the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. This Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47 U.S.C. § 227(b), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. Venue is proper in this district as Plaintiff's property is located in Hillsborough County and Defendant regularly conducts business in Hillsborough County, Florida.

### PARTIES

4. Plaintiff Caraballo is a natural person who resides in Tampa, Florida and the property is also located in Tampa, Florida. Plaintiff is the account holder of a cellular telephone number

and pursuant to the terms of his contract is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii). She is also a "consumer" as defined by 15 U.S.C. § 1692a(3) and allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692a(4), specifically a residential home loan incurred primarily for personal, family, and household purposes.

5. Defendant Ocwen Loan Servicing LLC is one of the largest non-bank mortgage servicers in the United States. Defendant services mortgage loans in all 50 states, including Florida. A significant part of Ocwen's business operations are conducted in this district.

6. Ocwen is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce including the mails in its business, the principal purpose of which is the collection of debts owed or due or asserted to be owed or due to another. Many of the debts its attempts to collect upon were in default at the time they were obtained by Ocwen.

## FACTS

7. On February 19, 2005, Plaintiff purchased a home in Tampa, Florida located on Indian Oaks Dr. (the "Tampa Home"). The original lender was Homebanc, N.A. See Mortgage attached as Exhibit "A."

8. On March 9, 2012, GMAC Mortgage, LLC, Sucessor by Merger to GMAC Mortgage Corporation, filed a foreclosure action in Hillsborough County, Case number 29-2012-CA-003934A001HC. See Complaint attached as Exhibit "B."

9. On or about August 19, 2013, GMAC Mortgage, LLC transferred the mortgage to Ocwen Loan Servicing, LLC. See Assignment attached as Exhibit "C."

## TCPA ALLEGATIONS

10. Directly as well as through its subsidiaries, contractors and agents, Defendant employs hundreds of persons at various call centers throughout the country. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of debts collected by Defendant.

12. A significant portion, if not a majority, of Defendant's business operations are dedicated to servicing consumer loans that are in default, foreclosure, have been charged off by the original lender, or are subject to discharge in bankruptcy

13. Defendant's regular business practices include making repeated phone calls, as well as sending notices, statements, bills, and other written correspondence to persons it believes responsible for paying past-due accounts.

14. Almost immediately after it acquired the servicing rights, Ocwen began calling Plaintiff on his cell phone for which she pays for calls and text messaging. Plaintiff has a phone number assigned ending in 5954 (the "5954 Number").

15. Plaintiff is informed and believes and on that basis alleges that Ocwen makes a regular business practice of using "skip tracing" methods such as pulling credit histories and searching publicly available databases to obtain contact information for persons it believes are obligated for consumer debts it services. Plaintiff believes that Ocwen obtained the 5954 Number via skip tracing and included it in its automated telephone dialing system's database.

16. At no time did Ocwen or any predecessor in interest have Plaintiff's express consent to use an automatic telephone dialing system to call him at the 5954 Number. At no time did Ocwen or any predecessor in interest have Plaintiff's express consent to use an artificial or prerecorded voice to call him at the 5954 Number.

17. Many of the calls Ocwen placed to Plaintiff at the 5954 Number were made using an artificial or pre-recorded voice.

18. Ocwen made at numerous calls to Plaintiff at the 5954 Number using an identical artificial or prerecorded message. Plaintiff believes that there were additional calls placed by Defendant to the 5954 Number were not preserved and seeks discovery to identify those additional calls.

19. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, inter alia, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The TCPA's definition of an automatic telephone dialing system includes a "predictive dialer." Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638-9 (7th Cir. 2012).

20. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

21. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or pre-recorded message to a wireless number by a

creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

22. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶10).

23. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave her express consent to Defendant to use an autodialer to call her cell phone within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

24. Plaintiff never listed his cellular telephone number in or on any documents during a transaction with Defendant (or any creditor), nor did he subsequently give his express consent to receive calls at the 5954 Number. At no time did he consent to receiving calls using an artificial voice.

25. In calling Plaintiff on his cellular telephone line multiple times at various times per day using an ATDS and without his consent, Defendant violated 47 U.S.C. § 227(b).

## SECOND CLAIM OF RELIEF

26. Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

28. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

29. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting such willful conduct that violates the TCPA by Defendant in the future.

## JURY TRIAL DEMAND

30. Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

**[SPACE INTENTIONALLY LEFT BLANK]**

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, Ocwen

Loan Servicing, LLC, for the following:

    1. An injunction against further violations;

    2. Damages pursuant to 47 U.S.C. § 227(b)(3) and 15 U.S.C. § 1692k;

    3. Costs of suit reasonable attorneys' fees pursuant to statute and as part of a common

fund, if any; and

    4. Such other and further relief as the Court may deem just and proper.

**Respectfully submitted on this 5th day of March
2018,**

**By: _____ /S/  Young Kim _____
Young Kim, Esq.,
FBN: 122202
Consumer Law Attorneys
2325 Ulmerton Rd, Ste. 16
Clearwater, FL 33762
(877) 241-2200 Office
Service e-mail: service@consumerlawattorneys.com
File Attorney: ykim@consumerlawattorneys.com
File Paralegal: jguzman@consumerlawattorneys.com**

Filing # 68803113 E-Filed 03/05/2018 03:28:51 PM

## IN THE THIRTEENTH JUDICIAL CIRCUIT OF THE
## STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

HOWARD CARABALLO

CASE NO.: _____

DIVISION: _____

_____
Plaintiff/Petitioner(s)

vs.

OCWEN LOAN SERVICING, LLC

_____
Defendant/Respondent(s)

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

[✓] **Tampa Division**

[ ] **East Division**

[ ] **Prior Division (Please indicate Case Number and Division of previously filed action:** _____ )

I understand that the actual division assignment will be in accordance with the <u>Hillsborough County Administrative Orders</u>.  If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

**Name of Attorney:** Young Kim

**Address:** 2325 Ulmerton Road, Suite 16

Clearwater, FL 33762

**Phone Number:** 877-241-2200

**Email Address(es):** ykim@consumerlawattorneys.com; service@consumerlawattorneys.com

Filing # 68803113 E-Filed 03/05/2018 03:28:51 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIRCUIT CIVIL DIVISION

HOWARD CARABALLO _____                 CASE NO.:_____

Plaintiff(s)

VS.

OCWEN LOAN SERVICING, LLC _____   DIVISION:_____

Defendant(s)

REQUEST FOR ISSUANCE OF SUMMONS –CIRCUIT CIVIL

This is a request for issuance of service of process by the Clerk of court as follows:

*PLEASE NOTE THAT A SEPARATE REQUEST
IS REQUIRED FOR EACH PARTY TO BE SERVED*

| **Type of Process: (choose one)** |
| --- |

| ☑ Initial Summons | ☐ Alias Summons | ☐ Pluries Summons |
| --- | --- | --- |

| **Type of Summons: (choose one)** |
| --- |

Circuit Court Summons:

Indicate days to respond   ☐ 20  ☑ 30  ☐ 45  ☐ 60        ☐ Other____

Non-Residential Eviction:   ☐ Mailing   ☐ No Mailing

Residential Eviction -      ☐ 5 day only      ☐ 5 day with 20 day attached

        ☐ Mailing   ☐ No Mailing

| **Party information:** |
| --- |

Party To Be Served:

Name: OCWEN LOAN SERVICING, LLC, C/O CORPORATION SERVICE COMPANY

Address: 1201 HAYS STREET

City/State/Zip: TALLAHASSEE, FL 32301

Email Address to Return Issued Summons:  ykim@consumerlawattorneys.com;
service@consumerlawattorneys.com; jguzman@consumerlawattorneys.com

**IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

CASE NO. **18-CC-012561 Division I**

**HOWARD CARABALLO**
Plaintiff

VS

**OCWEN LOAN SERVICING, LLC,**
Defendant(s)

## NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S) (Name & address of Defendant(s) to be Served) **OCWEN LOAN SERVICING, LLC, C/O CORPORATION SERVICE COMPANY   1201 HAYS STREET  TALLAHASSEE FL 32301,**
**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Edgecomb Courtroom 301 3rd Fl located at 800 E. Twiggs Street, Tampa, Florida 33602 on the **4th day of June, 2018** at **10:00 AM** for a PRETRIAL CONFERENCE.

**THE COUNTY COURT DOES NOT PROVIDE INTERPRETERS OR TRANSLATORS; YOU ARE RESPONSIBLE FOR PROVIDING YOUR OWN INTERPRETERS OR TRANSLATORS.**

**LA CORTE DEL CONDADO NO PROVEE INTERPRETES O TRADUCTORES, USTED ES RESPONSABLE DE PROVEER SU PROPIO INTERPRETE O TRADUCTOR.**

---

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

---

### *IMPORTANT – READ CAREFULLY*
***THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE BUT MAY BE MEDIATED AT THAT TIME.***
***DO NOT BRING WITNESSES – YOU MUST APPEAR IN PERSON OR BY ATTORNEY.***

**WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION.  FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, OR DISMISSAL.**

The Defendant(s) must appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the Plaintiff(s) or the Defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

**A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.**

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

### Mediation
Mediation may take place during the time scheduled for the pretrial conference.  Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be.  It is an informal and non adversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rest with the parties.  Negotiations in county court mediation are primarily conducted by the parties.  counsel for each party may participate.  However, presence of the counsel is not required.  If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial.  Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution of levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:

[1]    where the contract was entered into.
[2]    if the suit is on unsecured promissory note, where the note is signed or where the maker resides.
[3]    if the suit is to recover property or to foreclosure a lien, where the property is located.
[4]    where the event giving rise to the suit occurred.
[5]    where any one or more defendant(s) sued reside.
[6]    any location agreed to in a contract.
[7]    in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you as the Defendant(s) believe the Plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer, in affidavit form (sworn to under oath) **with the court 7 days prior to your first court date** and send a copy to the Plaintiff(s) or Plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED ON  March 12, 2018

**PAT FRANK**
As Clerk of the Court

Dana Caranante, Deputy Clerk
Prepared By:Michelle Lorentson, Deputy Clerk
(813) 276-8100, extension 4362

Filing # 69739833 E-Filed 03/23/2018 03:13:10 PM

## IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

HOWARD CARABALLO,

     Plaintiff,

                                    Case Number: 18-CC-12561

vs.

OCWEN LOAN SERVICING, LLC,

     Defendant.

_____/

### NOTICE OF APPEARANCE AND
### DESIGNATION OF E-MAIL ADDRESSES

     **COMES NOW**, G. Tyler Bannon, Esq. of the Law Offices of Rick G. Bannon, P.A. ("Undersigned Counsel"), and hereby gives notice of appearance as co-counsel of record for Plaintiff, Howard Caraballo ("Plaintiff"), and requests service of copies of all pleadings, notices papers and other matters filed herein.

     Further, Pursuant to the Florida Supreme Court's Order No. SC 10-2101 and Florida Rule of Judicial Administration 2.516, the undersigned hereby designates Plaintiff's counsel's primary and secondary electronic mail addresses for this matter.

     **For G. Tyler Bannon**
     Primary:  tyler@rbannonlaw.com
     Secondary:  jbannon@rbannonlaw.com

                         Respectfully submitted,

                         **Law Offices of Rick G. Bannon, P.A.**

                         */s/ G. Tyler Bannon*
                         **G. Tyler Bannon, Esq., FBN 0105718**
                         1901 Dr. M.L. King Jr. Street N.
                         St. Petersburg, FL 33704
                         Phone:  (727) 896-4455

Fax: (727) 895-1312
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing *Notice of Appearance and*

*Designation of E-mail Addresses* has been furnished by U.S. Mail and/or electronically this 23rd

day of March 2018 to:

Ocwen Loan Servicing, LLC
c/o Corporation Service Co.
1201 Hays St.
Tallahassee, FL 32301

Young Kim, Esq.
Consumer Law Attorneys
2325 Ulmerton Rd., Ste. 16
service@consumerlawattorneys.com
*Attorneys for Plaintiff*

/s/ *G. Tyler Bannon*
Attorney

2

**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

HOWARD CARABALLO,

      Plaintiff,

                                      Case Number: 18-CC-12561

vs.

OCWEN LOAN SERVICING, LLC,

      Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER

THIS CAUSE came on before the Court upon Plaintiff, Howard Caraballo's (herienafter, "Plaintiff") *Motion to Transfer to Circuit Court* ("Motion") and, the Court, having reviewed the Motion, docket, and relevant filings, and being otherwise fully advised in the premises, it is hereby:

**ORDERED** and **ADJUDGED** that Plaintiff's Motion is hereby **GRANTED**.  It is further **ORDERED** and **ADJUDGED** that:

    1.    The Clerk is directed to transfer the above-captioned case to Circuit Court and assign said case to a Circuit Court Judge.

    2.    Plaintiff shall be responsible for paying any costs associated with transferring this matter to Circuit Court.

    **DONE AND ORDERED** in Chambers in Hillsborough County, Florida, on this

_____.



18-CC-012561 3/29/2018 12:23:29 PM
18-CC-012561 3/29/2018 12:23:29 PM

The Honorable Joelle Ann Ober
County Court Judge

1

Conformed copies to:
**G. Tyler Bannon, Esq.**, via tyler@rbannonlaw.com & jbannon@rbannonlaw.com
**Young Kim, Esq.**, via service@consumerlawattorneys.com, ykim@consumerlawattorneys.com, & jguzman@consumerlawattorneys.com

2

IN THE CIRCUIT COURT, EIGHTEENTH
JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO. 18-CA-2853

HOWARD CARABALLO,

     Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC

     Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   THE CLERK OF THE CIRCUIT COURT
       FOR HILLSBOROUGH COUNTY, FLORIDA

Pursuant 28 U.S.C. § 1446(d), Defendant hereby gives written notice that a Notice of Removal of the above-captioned action from this Court to the United States District Court for the Middle District of Florida, Tampa Division, was sent for filing on April 10, 2018 (via federal express, overnight delivery). Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded." A copy of the Notice of Removal is attached hereto, without exhibits, as Exhibit A.

Dated: April 10, 2018                    Respectfully submitted,

                                         **McGUIREWOODS LLP**

                                         By */s/ Courtney A. McCormick*
                                         Sara F. Holladay-Tobias
                                         Florida Bar No. 0026225
                                         Primary E-Mail: stobias@mcguirewoods.com
                                         Secondary E-Mail: flservice@mcguirewoods.com
                                         Emily Y. Rottmann
                                         Florida Bar No. 0093154
                                         Primary E-Mail: erottmann@mcguirewoods.com
                                         Secondary E-Mail: clambert@mcguirewoods.com
                                         Courtney A. McCormick
                                         Florida Bar No. 0092879
                                         Primary E-Mail: cmccormick@mcguirewoods.com
                                         Secondary E-Mail: flservice@mcguirewoods.com
                                         50 N. Laura Street, Suite 3300
                                         Jacksonville, Florida 32202
                                         (904) 798-3200
                                         (904) 798-3207 (fax)

                                         *Counsel for Defendant Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Email on April 10, 2018 to the following:

Young Kim, Esq.
Consumer Law Attorneys
2325 Ulmerton Rd., Ste. 16
Clearwater, FL 33762
service@consumerlawattorneys.com
ykim@consumerlawattorneys.com
jguzman@consumerlawattorneys.com

*Counsel for Plaintiff Howard Caraballo*

                                         */s/ Courtney A. McCormick*
                                         Attorney